UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | No.  2:13-cv-1228-GEB-KJN |
| Plaintiff, | |
| v. | ORDER |
| RUBEN CONTRERAS MACHUCHA, et al., | |
| Defendants. | |

Plaintiff Joe Hand Promotions, Inc. commenced this action on June 20, 2013.  (ECF No. 1.)  The complaint alleges that defendant Ruben Contreras Machucha and defendant Silvia Ochoa Gomez are owners and/or operations of a commercial establishment doing business as Centennial Bar and Grill a/k/a Centenial Ranch Sports Bar and Grill in Elk Grove, California.  According to the complaint, defendants directed employees of the establishment to unlawfully intercept and broadcast a televised fight program of which plaintiff was the exclusive commercial domestic distributor.  The complaint asserts claims against defendants for violation of the Communications Act of 1934, as amended, 47 U.S.C. §§ 605 et seq.; violation of the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §§ 553 et seq.; conversion; and violation of California Business and Professions Code §§ 17200 et seq.  (Id.)

////

After the Clerk of Court entered defendant Machucha's default on August 20, 2013, plaintiff filed a motion for default judgment as to defendant Machucha on September 9, 2013. (ECF Nos. 8, 9.)  However, to date, plaintiff has not yet moved for a default judgment against defendant Gomez.

With respect to multi-defendant cases, Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  The Ninth Circuit Court of Appeals has characterized the Supreme Court's holding in Frow v. De La Vega, 82 U.S. 552 (1872), a leading case addressing the grant of default judgments in multi-defendant cases, as follows:

> The Court held in *Frow* that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants.  It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.

Nelson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001) (internal citations and footnote omitted) (citing Frow, 82 U.S. at 554).[1]  In In re First T.D. & Inv., Inc., the Ninth Circuit Court of Appeals followed the Eleventh Circuit Court of Appeals and extended the rule from Frow beyond jointly liable parties to parties that are "similarly situated," even if not jointly liable or jointly and severally liable.  See 253 F.3d at 532; accord Wordtech Sys., Inc. v. Integrated Network Solutions, Corp., No. 2:04-cv-01971-MCE-EFB, 2009 WL 3246612, at *2 (E.D. Cal. Oct. 6, 2009) (unpublished) (observing that the rule from Frow "has been extended in cases even if the defendants are not jointly liable, as long as they are similarly situated").

In this case, both defendants are alleged to own or operate the commercial establishment where the allegedly unlawful interception and broadcast occurred.  Thus, at a minimum, both defendants appear to be similarly situated for purposes of plaintiff's claims.  Consequently, there is a significant risk of incongruous or inconsistent judgments if the court were to grant a default

---

[1] In Frow, the Court stated that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."  82 U.S. at 554.

judgment against defendant Machucha at this juncture, but defendant Gomez were potentially to prevail on the merits.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. The November 7, 2013 hearing on plaintiff's motion for default judgment is VACATED.
2. Plaintiff's motion for default judgment (ECF No. 9) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 17, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE